Gulf LNG Energy, LLC v Eni S.P.A. (2023 NY Slip Op 00727)

Gulf LNG Energy, LLC v Eni S.P.A.

2023 NY Slip Op 00727

Decided on February 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 09, 2023

Before: Webber, J.P., Oing, González, Scarpulla, Rodriguez, JJ. 

Index No. 654819/18 Appeal No. 17299 Case No. 2022-00602 

[*1]Gulf LNG Energy, LLC, et al., Plaintiffs-Appellants,
v
Eni S.P.A., Defendant-Respondent.

Allerhand & Odoner LLP, New York (Joseph S. Allerhand of counsel), for appellants.
Sheppard, Mullin, Richter & Hampton LLP, New York (Helene Gogadze of counsel), for respondent.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about January 3, 2022, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, with costs.
Defendant established prima facie that it owed nothing on its guaranty of its subsidiary's performance obligations under the agreement between defendant and plaintiffs Gulf LNG Energy and Gulf LNG Pipeline, LLC (together, Gulf) (see USI Capital & Leasing v Chertock , 172 AD2d 235, 236 [1st Dept 1991]). The guaranty was qualified with language unambiguously providing that defendant's obligation did not arise until two events occurred: first, its subsidiary failed to timely pay the amounts assessed by Gulf as due and payable; and second, Gulf gave defendant notice of the nonpayment. The record shows that the subsidiary paid all accrued amounts that Gulf deemed to be due and payable. Furthermore, the terms of the guaranty are clear and unambiguous as to defendant's obligations, and resort to the extrinsic evidence offered by Gulf — namely, the affidavit of its counsel — is unwarranted (see W.W.W. Assoc. v Giancontieri , 77 NY2d 157, 162 [1990]).
Contrary to Gulf's argument, the arbitration award, which relieved defendant's subsidiary of future performance under the parties' agreement, did not trigger defendant's guaranty obligations. The arbitration tribunal declared the agreement to be terminated. As a result, the subsidiary had no financial obligations under the agreement and there was nothing left for defendant to guaranty.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 9, 2023